UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB R HERNDON, SPN 01724353, | § § § § | |
| Petitioner, VS. | § § § | CIVIL ACTION NO. H-19-106 |
| ED GONZALEZ, | § § § | |
| Respondent. | § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Jacob R. Herndon (SPN 01724353) ("Herndon"), a pre-trial detainee, has filed a petition for a writ of habeas corpus alleging violations of his constitutional rights in connection with a pending state court criminal proceeding. [Doc. No. 1]. After reviewing all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons set forth below.

### I. BACKGROUND

According to the pleadings and available public records, at the time Herndon filed his petition, he was in custody at the Harris County Jail awaiting trial on a charge of possession of a controlled substance of less than a gram in Harris County cause number 1612159.[1] Herndon alleges that no indictment has been presented and he seeks a discharge from imprisonment because he contends that the police who arrested him conducted an illegal search. [Doc. No. 1 at 2-4].

---

[1] *See* Harris County Sheriff's Office, Jail Information Inquiry, located at: http://harriscountyso.org (last visited Jan. 16, 2019).

1 / 3

## II. DISCUSSION

To the extent that Herndon seeks a federal writ of habeas corpus, his petition is governed by 28 U.S.C. § 2241, which authorizes review where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-93 (1973). Although Herndon satisfies the first prerequisite for review by virtue of his confinement at the Harris County Jail, he does not satisfy the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas in the pre-conviction context, a Texas prisoner confined pending trial on felony charges may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is charged. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

State court records confirm that Herndon has not sought either direct or collateral review with the Texas Court of Criminal Appeals.[2] Thus, Herndon has not exhausted available state

---

[2] *See* Texas Court of Criminal Appeals website, at http://www.search.txcourts.gov (last visited Jan. 29, 2019).

court remedies. Herndon does not otherwise show that exceptional circumstances are present or that federal court intervention is warranted. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present). Therefore, the pending federal habeas corpus petition must be dismissed without prejudice for lack of exhaustion.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner Jacob R. Herndon's petition for a writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust all available state court remedies before seeking federal habeas corpus relief.
2. Because reasonable jurists would not dispute whether the procedural ruling in this case was correct, a certificate of appealability is **DENIED**.
3. Any pending motions are **DENIED as MOOT**.
4. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this \_\_\_30\_\_\_ day of January, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE